1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10         EASTERN DISTRICT OF CALIFORNIA

11

12   RICHARD S. KINDRED,                    CASE NO. 1:14-cv-01652-AWI-MJS (PC)

13              Plaintiff,                  **ORDER DISMISSING COMPLAINT WITH
                                            LEAVE TO AMEND**
14
          v.                               **(ECF NO. 1)**
15
     CLIFF ALLENBY, et al.,
16                                          **AMENDED COMPLAINT DUE WITHIN
                Defendants.                 THIRTY (30) DAYS**
17

18         Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil

19   rights action brought pursuant to 42 U.S.C. § 1983. His complaint is before the Court for

20   screening.

21   **I.     SCREENING REQUIREMENT**

22         The in forma pauperis statute provides, "Notwithstanding any filing fee, or any

23   portion thereof, that may have been paid, the court shall dismiss the case at any time if

24   the court determines that . . . the action or appeal . . . fails to state a claim upon which

25   relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

26   **II.    PLEADING STANDARD**

27         Section 1983 "provides a cause of action for the deprivation of any rights,

28

privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

III.   PLAINTIFF'S ALLEGATIONS

Plaintiff is detained at Coalinga State Hospital ("CSH"), where the acts giving rise to his complaint occurred. Plaintiff names as Defendants: (1) the California Department of State Hospitals, (2) Cliff Allenby, Director of the California Department of State Hospitals, (3) Audrey King, (4) Remi Smith, (5) Mathew Collins, (6) Jeanette Rivera, (7) Angela Padilla, (8) Guadalupa McKenzie, (9) Kenneth Underwood, (10) Marissa Bigot, (11) Paul Alkehougie, (12) Cinithia Martinez, (13) Angel Felix, (14) Jose

2

1   Lopez,(15) Edward Tongwa, (16) Jorge Zavala, (17) Kenneth Bell, (18) Tom Faina, (19)

2   Daniel Wagoner, (20) Dr. Jeffrey Hasson, and (21) Doug Veit.

3          Plaintiff's allegations may be summarized essentially as follows:

4          Plaintiff is a practicing Native American. Since May 2014, Defendants have

5   interfered with and denied Plaintiff's right to practice his "way of life" in violation of the

6   First Amendment.

7          In May 2014, Defendant Bigot denied Plaintiff and other Native Americans the

8   right to hold Sunrise Prayer Ceremonies even though other religions are allowed to

9   continue this practice. Defendant Bigot retaliated against Plaintiff and other Native

10  Americans who displayed sacred or spiritual items. Plaintiff was retaliated against for

11  having a Dream Catcher hanging over his head,  a common practice for Native

12  Americans. Defendant Bigot ordered Defendant Rivera to confiscate Plaintiff's spiritual

13  rug. Defendant Felix desecrated Plaintiff's medicine bag by attempting to confiscate it.

14         Defendants Allenby, King, Smith, Collins, Padilla, McKenzie, Underwood,

15  Alkehougie, Martinez, Lopez, Tongwa, Zavala, and Bell participated in denying Plaintiff

16  spiritual items that are approved by the California Department of State Hospitals and

17  CSH and/or participated in retaliation against and harassment of Plaintiff.

18         Plaintiff also was denied his right to Due Process under the Fifth and Fourteenth

19  Amendments as follows:

20         In July and September 2014, Plaintiff received spiritual packages from a

21  recognized vendor of Native American spiritual items. Plaintiff was denied his items.

22         Plaintiff filed complaints with the California Office of Patient's Rights. His

23  complaints were not reviewed by the Office's Advocates or Defendant King within the

24  allotted time frame.

25         Defendants Smith, Collins, Bigot, Veit, Hasson, Zavala, and McKenzie interfered

26  with Plaintiff's ability to file Elder Abuse/Dependent Adult Abuse complaints. These

27

28

Defendants also refused to adhere to CSH administrative directives regarding "Denial of Rights" and the seizure of contraband property.

Defendants King and Michell[1] failed to investigate allegations of Elder/Dependent Adult Abuse as required under state law.

Defendant Rivera filed false police reports with the Department of Police Services to justify assaulting Plaintiff on August 29, 2014.

CSH failed to investigate and charge Defendant Bell with Elderly/Dependent Adult Abuse despite Defendant Bell's continuous retaliation against Plaintiff for filing complaints. This was done to circumvent the "Statewide Contraband List."

Plaintiff seeks declaratory and injunctive relief, and compensatory and punitive damages.

**IV.    ANALYSIS**

   **A.    Improper Joinder of Unrelated Claims**

Federal Rule of Civil Procedure 18(a) allows a party to "join, as independent or alternative claims, as many claims as it has against an opposing party." However, Rule 20(a)(2) permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . ." See George v. Smith, 507 F.3d 605, 607 (7th Cir.2007) (citing 28 U.S.C. § 1915(g)).

Plaintiff attempts to bring several unrelated claims in this action. Based on the minimal facts alleged, it is unclear whether Plaintiff's claims regarding his Native American practices arise out of the same transaction or occurrence or raise a common

---

[1] Plaintiff did not identify Michell as a Defendant.

4

question of law or fact. Furthermore, these claims plainly do not arise out of the same transaction or occurrence as Plaintiff's allegations that certain Defendants interfered with his ability to file administrative grievances or legal claims, his allegations regarding Elder/Dependent Adult Abuse, or his allegations regarding false police reports. Plaintiff may not bring all of these claims in a single action.

Plaintiff will be given leave to amend. If he chooses to do so, he must proceed in this action only on those claims against different Defendants that arise out of the same transaction or occurrence, or that involve a common question of law or fact. The remainder of the screening order will address the legal standards applicable to what appear to be Plaintiff's claims.

## B.    Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff alleges that Defendants Allenby, King, Smith, Collins, Padilla, McKenzie, Underwood, Alkehougie, Martinez, Lopez, Tonga, Zavala, and Bell denied Plaintiff spiritual items and/or participated in retaliation against and harassment of Plaintiff. This allegation is insufficient to link the Defendants to any unconstitutional conduct. Plaintiff

1    must allege specific facts that identify how each Defendant personally participated in the
2    denial of his rights, or knew of the violations and failed to act.

3         Additionally, Plaintiff does not identify which Defendants, if any, were responsible
4    for denying him spiritual packages. Nor does he identify how Defendants Smith, Collins,
5    Bigot, Veit, Hasson, Zavala, and McKenzie interfered with his ability to file Elder
6    Abuse/Dependent Adult Abuse complaints or improperly seized Plaintiff's property.
7    Lastly, Plaintiff lists no factual allegations concerning Defendants Faina and Wagoner.

8         Plaintiff has not alleged how these Defendants personally participated in the
9    deprivation of his rights. If Plaintiff chooses to file an amended complaint he must link
10   each named defendant to his claims.

11        **C.   Eleventh Amendment Immunity**

12        Plaintiff has named the California Department of State Hospitals as a Defendant.
13   However, the Eleventh Amendment erects a general bar against federal lawsuits brought
14   against the state. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation
15   omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for
16   prospective relief," id. at 1066, suits against the state or its agencies are barred
17   absolutely, regardless of the form of relief sought, e.g., Pennhurst State Sch. & Hosp. v.
18   Halderman, 465 U.S. 89, 100 (1984). Thus, Plaintiff may not maintain a claim against the
19   California Department of State Hospitals.

20        **D.   Free Exercise**

21        Civil detainees retain the protections afforded by the First Amendment, including
22   the right to freely practice their religion. See O'Lone v. Estate of Shabazz, 482 U.S. 347,
23   348 (1987) (citations omitted); see also Youngberg v. Romero, 457 U.S. 307, 322 (1982)
24   (holding civilly detained persons must be afforded "more considerate treatment and
25   conditions of confinement than criminals whose conditions of confinement are designed
26   to punish"). In order to establish a cause of action under the Free Exercise Clause,
27   Plaintiff must show that a restriction substantially burdened the practice of his religion by

28

                                           6

preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008). Additionally, Plaintiff must show that the restriction is not required to maintain institutional security and preserve internal order and discipline. See Pierce v. Cnty. of Orange, 562 F.3d 1190, 1209 (9th Cir. 2008).

Plaintiff has alleged insufficient facts for the Court to determine whether he has suffered a Free Exercise violation. Plaintiff alleges that Defendant Bigot denied him the right to hold Sunrise Prayer Ceremonies, retaliated against him for displaying spiritual items, and ordered that his spiritual rug be confiscated. He also alleges that Defendant Rivera confiscated his spiritual rug and Defendants Felix attempted to confiscate his medicine bag. Finally, he alleges that numerous Defendants denied him spiritual items or packages, retaliated against him and harassed him. However, Plaintiff has not alleged that any of this conduct substantially burdened the exercise of his religion. Nor has he presented facts to show that the Defendants' conduct was not required to maintain institutional security or to preserve internal order and discipline. Lastly, Plaintiff's conclusory allegations of harassment and retaliation leave the Court no basis for determining whether the practice of Plaintiff's religion was burdened.

If Plaintiff chooses to amend, he must allege facts to show that the practice of his religion was substantially burdened by Defendants' conduct, and that their conduct was not required to maintain institutional security or preserve internal order and discipline.

**E.    Equal Protection**

Plaintiff alleges he was denied the right to perform Sunrise Prayer Ceremonies even though other religions were allowed to do so. In this regard, Plaintiff may intend to allege an Equal Protection claim.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant

1    intentionally discriminated against the plaintiff based on the plaintiff's membership in a

2    protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of

3    Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were

4    intentionally treated differently without a rational relationship to a legitimate state

5    purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y

6    Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of

7    Pacifica, 526 F.3d 478, 486 (9th Cir. 2008). To allege a religious discrimination claim,

8    Plaintiff must allege facts sufficient to show that prison officials intentionally discriminated

9    against him on the basis of his religion by failing to provide him a reasonable opportunity

10   to pursue his faith compared to other similarly situated religious groups. Cruz v. Beto,

11   405 U.S. 319, 321-22 (1972) (per curiam).

12       Plaintiff has not alleged that any of the Defendants intentionally discriminated

13   against him on the basis of his religion or that he was not provided a reasonably

14   opportunity to pursue his faith compared to other similarly situated religious groups.

15   Although Plaintiff alleges that he was prevented from engaging in Sunrise Prayer

16   Ceremonies that were permitted for other groups, he has not stated whether he was

17   provided other reasonably opportunities to pursue his faith.

18       **F.    Retaliation**

19       Plaintiff alleges he was retaliated against in relation to practicing his Native

20   American "way of life." He also alleges that Defendant Bell retaliated against him for

21   filing complaints.

22       "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An

23   assertion that a state actor took some adverse action against an inmate (2) because of

24   (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

25   exercise of his First Amendment rights, and (5) the action did not reasonably advance a

26   legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

27

28
                                           8

The second element focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce, 351 F.3d at 1289 (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prerequisite, filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

Plaintiff does not specify in any way how he was retaliated against. The Court is unable to discern whether he was subject to any adverse action that would chill a person of ordinary firmness. Additionally, Plaintiff has supplied no facts from which it may be

1   inferred that any such adverse action was taken because of Plaintiff's protected First

2   Amendment activities or that such action did not advance legitimate correctional goals.

3   Plaintiff will be given leave to amend.

4   **G.    Due Process**

5   Plaintiff states his intent to bring a Due Process claim under both the Fifth and the

6   Fourteenth Amendments. "[T]he Fifth Amendment's due process clause only applies to

7   the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008).

8   Because all of the named Defendants appear to be state officials, the Court will analyze

9   Plaintiff's claims under the Fourteenth Amendment.

10   Plaintiff appears to allege that his Due Process rights were violated when (1) his

11   spiritual packages were denied; (2) his complaints to the California Office of Patient's

12   Rights were not timely reviewed, and (3) a false police report was filed against him.

13   The Due Process Clause protects prisoners from being deprived of property

14   without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). While the

15   deprivation of property pursuant to an established government procedure is actionable

16   under the Due Process Clause, Hudson v. Palmer, 468 U.S. 517, 532 (1984) (citing

17   Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36 (1982)),[2] neither negligent nor

18   unauthorized intentional deprivations of property by a governmental employee

19   "constitute a violation of the procedural requirements of the Due Process Clause of the

20   Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available."

21   Hudson, 468 U.S. at 533; see also Raditch v. United States, 929 F.2d 478, 481 (9th Cir.

22   1991) ("Although Hudson involved § 1983 and the Fourteenth Amendment, the same

23   due process principles apply to the federal government through the Fifth Amendment.").

24   Plaintiff has not alleged sufficient facts for the Court to determine whether the

25   denial of his spiritual packages was pursuant to an established government procedure or

26

27   ───────────────
[2] An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir.1985); see also Knudson v. City of Ellensburg,

28   832 F.2d 1142, 1149 (9th Cir.1987).

1    the result of negligent, or intentional but unauthorized conduct of any of the Defendants.

2    Assuming the latter, such an unauthorized, intentional deprivation of property requires

3    that Plaintiff be provided a meaningful post-deprivation remedy. California law provides a

4    post-deprivation remedy for Plaintiff's property deprivation. Barnett v. Centoni, 31 F.3d

5    813, 816-17 (9th Cir. 1994).

6         Plaintiff's allegation that his complaints to the California Office of Patient's Rights

7    were not timely reviewed does not state a Due Process claim. "The Fourteenth

8    Amendment's Due Process Clause protects persons against deprivations of life, liberty,

9    or property; and those who seek to invoke its procedural protection must establish that

10   one of these interests is at stake."   Wilkinson v. Austin, 545 U.S. 209, 221 (2005).

11   Plaintiff does not a have protected liberty interest in processing administrative

12   complaints, and therefore, he cannot pursue a claim for denial of due process with

13   respect to the handling or resolution of those complaints. See Ramirez v. Galaza, 334

14   F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

15        Plaintiff's allegation that Defendant Rivera filed a false police report against him

16   also is insufficient to state a claim. The Ninth Circuit has recognized "a clearly

17   established constitutional due process right not to be subjected to criminal charges on

18   the basis of false evidence that was deliberately fabricated by the government."

19   Devereaux v. Abbey, 263 F.3d 1070, 1074-75 (9th Cir. 2001); see also Costanich v.

20   Dep't of Soc. & Health Servs., 627 F.3d 1101, 1111-12 (9th Cir. 2010) (relying on

21   Devereaux to hold that a state investigator "who deliberately mischaracterizes witness

22   statements in her investigative report also commits a constitutional violation"). To state

23   such a claim, Plaintiff must point to evidence that supports at least one of the following

24   two propositions: "(1) Defendants continued their investigation of [Plaintiff] despite the

25   fact that they knew or should have known that he was innocent; or (2) Defendants used

26   investigative techniques that were so coercive and abusive that they knew or should

27   have known that those techniques would yield false information." Devereaux, 263 F.3d

28

11

at 1076. Plaintiff has not alleged such facts, nor has he alleged whether he was subjected to criminal charges.

### H.    Access to Courts

Plaintiff alleges Defendants Smith, Collins, Bigot, Veit, Hasson, Zavala, and McKenzie interfered with Plaintiff's ability to file Elder Abuse/Dependent Adult Abuse complaints. It is unclear whether the complaints Plaintiff refers to were administrative or intended to be filed in Court. Nevertheless, the Court will provide Plaintiff the legal standard for a First Amendment Access to Courts claim.

Plaintiff has a fundamental right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). A plaintiff must show that he suffered an "actual injury" by being shut out of court. Lewis, 518 U.S. at 350-51. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.

### I.    State Law Claims

The Court will not exercise supplemental jurisdiction over any state law claim absent a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); see also Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989).

Because Plaintiff has not alleged any cognizable federal claims, the Court will not exercise supplemental jurisdiction over his state law claim. Plaintiff may amend his state

1   law claims, but if he fails to allege a viable federal claim in his amended complaint, the

2   Court will not exercise supplemental jurisdiction over his state law claims.  28 U.S.C. §

3   1367(a); Herman Family Revocable Trust, 254 F.3d at 805. The Court herein will

4   address what appear to be Plaintiff's intended state law claims.

5          Plaintiff states that administrative directives regarding "Denial of Rights" and the

6   seizure of contraband were not followed. Plaintiff has not identified the directives he

7   believes were not followed. In any event, administrative directives governing the conduct

8   of CSH officials do not necessarily entitle a detainee to sue civilly for their violation.

9   Plaintiff has cited no authority to support a finding of an implied private right of action for

10  violation of such directives, and the Court finds none.

11         Plaintiff appears to reference the Elder Abuse and Dependent Adult Civil

12  Protection Act ("Act"). See Cal. Welf. & Inst. Code §§ 15600 et seq. The Act provides for

13  liability for physical abuse or neglect where the defendant acted with recklessness,

14  oppression, fraud or malice in the commission of the abuse. See Cal. Welf. & Inst. Code

15  § 15657. Plaintiff fails to demonstrate applicability of the Act. He does not allege facts

16  that he is an "elder" or "dependent adult", see Cal. Welf. & Inst. Code §§ 15610.23,

17  15610.27; that he suffered physical or mental harm or was deprived of necessities to

18  avoid such harm, see Cal. Welf. & Inst. Code § 15610.07; and that he has standing to

19  enforce the Act, see Cal. Welf. & Inst. Code §§ 15600(i)(j), 15656 15657-15657.8.

20  Plaintiff's conclusory allegations fail to allege a violation of the Act and therefore fail to

21  state a claim.

22  **V.    CONCLUSION AND ORDER**

23         Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff

24  an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49

25  (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts

26  resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff

27  must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"

28

1  Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate

2  that each named Defendant personally participated in a deprivation of his rights. Jones

3  v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

4      Plaintiff should note that although he has been given the opportunity to amend, it

5  is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th

6  Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on

7  curing the deficiencies set forth above.

8      Finally, Plaintiff is advised that Local Rule 220 requires that an amended

9  complaint be complete in itself without reference to any prior pleading. As a general rule,

10 an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d

11 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no

12 longer serves any function in the case. Therefore, in an amended complaint, as in an

13 original complaint, each claim and the involvement of each defendant must be

14 sufficiently alleged. The amended complaint should be clearly and boldly titled "First

15 Amended Complaint," refer to the appropriate case number, and be an original signed

16 under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P.

17 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

18 right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations

19 omitted).

20     Accordingly, it is HEREBY ORDERED that:

21     1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and

22        (2) a copy of his complaint, filed October 22, 2014;

23     2. Plaintiff's complaint (ECF No. 1) is dismissed for failure to state a claim upon

24        which relief may be granted;

25     3. Plaintiff shall file an amended complaint within thirty (30) days; and if Plaintiff

26        fails to file an amended complaint in compliance with this order, the Court will

27

28
14

dismiss this action, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   April 29, 2015                      /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

15