UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT KINDRED,<br><br>    Plaintiff,<br><br>v.<br><br>KENNETH BELL, et al.,<br><br>    Defendants. | Case No. 1:14-cv-01652-AWI-MJS  (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO (1) DENY DEFENDANTS' MOTIONS TO STRIKE AND (2) DENY PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION**<br><br>**(ECF NOS. 18, 31, 34, 40)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I. Procedural History

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's claim that, on separate occasions, Defendants Bigot and Bell denied Plaintiff access to religious items in violation of Plaintiff's First Amendment free exercise rights. (ECF Nos. 16 and 19.) All other claims and Defendants have been dismissed. (Id.)

Plaintiff has filed two motions for injunctive relief. (ECF Nos. 18 and 34.) Plaintiff's first motion (ECF No. 18) requests that the Court enjoin non-parties from confiscating Native American religious items "already issued to him and found not to be contraband at that [sic] time he received them." (Id. at 1.) His second motion for injunctive relief (ECF No. 34) does not clearly state the relief he seeks, but appears to be related to the denial of a "religious package" that was to be delivered to him but was withheld by non-party prison officials, allegedly in part at the direction of Defendant Bell.

Defendants filed motions to strike Plaintiff's injunction motions. (ECF Nos. 31 and 40.) Defendants assert that Plaintiff's motions raise claims separate from those in his complaint and seek injunctive relief against non-parties. They argue that Plaintiff's motions "fit the very definition of immaterial matter that should be stricken to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." (Id.) As discussed below, they also challenge Plaintiff's claims of Defendant Bell's involvement in the events giving rise to Plaintiff's second request for injunctive relief. Plaintiff filed a reply to Defendant's first motion to strike (ECF No. 38), but not the second.

The matters are deemed submitted pursuant to Local Rule 230(l).

## II. Legal Standards

### A. Motion for Preliminary Injunction

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008). Plaintiffs seeking a preliminary injunction must establish that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest. Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20).

The Court does not have jurisdiction to order injunctive relief which would require directing parties not before the Court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

### B. Rule 12(f) Motion to Strike

Under Federal Rule of Civil Procedure 12(f), the Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter." Fed. R. Civ. P. 12(f). "Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (internal quotation marks and citations omitted). Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citations omitted), rev'd on other grounds, 510 U.S. 517 (1994). Impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." Id. And scandalous matter is that which "improperly casts a derogatory light on someone, most typically on a party to the action." Germaine Music v. Universal Songs of Polygram, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) (internal quotation marks and citations omitted).

Because motions to strike are "often used as delaying tactics," they are "generally disfavored" and are rarely granted in the absence of prejudice to the moving party. Rosales v. Citibank, FSB, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). "Where the moving party cannot adequately demonstrate . . . prejudice, courts frequently deny motions to strike even though the offending matter was literally within one or more of the categories set forth in Rule 12(f)." N.Y.C. Emps.' Ret. Sys. v. Berry, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009). Courts may find prejudice "where superfluous pleadings may confuse the jury, or where a party may be required to engage in burdensome discovery around frivolous matters." J & J Sports Prods., Inc. v. Luhn, Civ. No. 2:10–3229 JAM CKD, 2011 WL 5040709, at *1 (E.D. Cal. Oct. 24, 2011) (citations omitted).

**III.  Discussion**

    **A. Defendants' Motions to Strike**

Both of Defendants' motions to strike should be denied on the grounds that Defendants have not addressed, much less shown, how the material they seek to strike is redundant, immaterial, impertinent, scandalous, or prejudicial to them. Thus, despite bringing a motion under Rule 12(f), Defendants have not addressed the criteria set out

therein. To the extent Defendants seek to strike Plaintiff's motions, the Court will recommend that Defendants' motions to strike be denied.

However, Defendants do present argument as to why Plaintiff is not entitled to the injunctive relief sought. Accordingly, the Court considers the substance of Defendants' motions in evaluating the propriety of granting Plaintiff the relief he seeks.

### B. Plaintiff's Motions for Injunctive Relief

In his first motion (ECF No. 18), Plaintiff seeks a preliminary injunction barring CSH from confiscating his Native American religious items. He also requests that the Court order CSH to follow administrative directives and guidelines. Specifically, Plaintiff alleges that on November 18, 2016, an unidentified "Department of Protective Services" officer asked him if he was in possession of a bolo tie. Plaintiff responded that he possessed two bolo ties, one handmade and sent by a friend, and another Plaintiff had purchased made of leather with metal tips. Later, Officer Barraza confiscated the handmade bolo tie, but allowed Plaintiff to keep the other. When Plaintiff objected that neither were contraband, Sergeant Yarbrough stated that he decided what contraband was and what was not. Presumably, the confiscated item has not been returned to Plaintiff.

Plaintiff identifies prerequisites for issuance of preliminary injunctions and argues that he meets some of them. In his reply to Defendants' argument that Plaintiff seeks relief against non-parties, Plaintiff implies that Defendant Bell directed Yarbrough not to return the confiscated bolo tie, and that, since Bell is still in charge of supervising the property room, Bell makes all final decisions concerning patients' property.

In his second motion (ECF No. 34), Plaintiff alleges that, on April 19, 2017, hospital officials withheld a "religious package" that was to be delivered to him, and that on April 20, 2017, he learned that Defendant Bell instructed non-party hospital officer Christopher Sanchez not to release the package to Plaintiff. On April 21, 2017, a "Unit Supervisor" spoke with "either Sgt. Yarbrough or Respondent Lt. Bell," and was told that the package and its contents were considered contraband and would not be released to

Plaintiff. Finally, on April 24, 2017, Plaintiff tried to speak with "Sgt. Yarbrough or Respondent Bell" about why the items were not released, but neither individual was available. Instead, a non-party hospital officer gave Plaintiff a receipt for the property and told Plaintiff he had thirty days to mail it out of the facility or it would be destroyed.

Plaintiff argues that he has been denied his First Amendment right to freely practice his religion and thereby irreparably harmed. He identifies other criteria for injunctive relief and argues that he meets them, but does not explain how or why he meets them.

Defendants' de facto opposition to Plaintiff's motions again notes that Plaintiff seeks relief against non-parties Yarbrough and Chaveris, on claims not raised in Plaintiff's complaint.

Defendants also argue, with respect to Defendant Bell, that Plaintiff has failed to clearly allege that Bell was in fact involved in the denial of delivery of Plaintiff's religious goods. Defendants attach a declaration from Bell stating that he has not been involved in overseeing the opening and distribution of patients' mail for over a year, that he was not involved in the April 2017 incidents giving rise to Plaintiff's second motion, and that he first learned items had been withheld after Plaintiff filed his motion. (ECF No. 40 at 5; ECF No. 40-1 at ¶¶ 2 and 5.) Finally, Defendants argue that the issue has been rendered moot by delivery of the religious goods, as directed by Plaintiff, as a donation to "the Native American circle." (ECF No. 40-1 at ¶ 8.) As noted, Plaintiff did not reply to these points in Defendants' opposition.

**IV. Analysis**

The Court recommends Plaintiff's motions for injunctive relief be denied.

As noted, the Court cannot enjoin parties that are not properly before it. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." See Zepeda, 753 F.2d at 727. Four of the individuals Plaintiff seeks to enjoin, Barraza, Yarbrough, Sanchez, and Chaveris, as well as CSH,

are not parties to this case. The Court cannot provide Plaintiff relief against such non-parties. Thus, there is no need to examine whether Plaintiff has met any of the other criteria for injunctive relief as against these individuals.

Plaintiff also seeks injunctive relief against Defendant Bell, who is a party. However, Plaintiff has not satisfied the requirements for obtaining such relief. It is clear from his motion that he is only speculating that Bell was involved in the denial of delivery of his religious goods and is capable of reversing that denial. On the other hand, competent, sworn evidence has been submitted to the effect that Bell was not involved and is not in a position to correct the alleged wrong. It is further asserted that the wrong has been corrected with delivery of the goods as Plaintiff has directed. Plaintiff has filed nothing to the contrary after being apprised of this evidence.

It thus appears to the Court that the need for the relief sought has been rendered moot. The Court will not order to be done an act already taken and not threatened to be repeated. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (holding that plaintiff must show he is realistically threatened by a repetition of the violation); Bernhardt v. County of Los Angeles, 279 F.3d 862, 871 (9th Cir. 2002) ("Where the activities sought to be enjoined already have occurred, and the . . . courts cannot undo what has already been done, the action is moot, and must be dismissed."). Nor will the Court order a party to do an act he has no power to do. Pouncil v. Tilton, 704 F.3d 568, 576 (9th Cir. 2012) (holding that proper official in action seeking injunctive relief is one who "would be responsible for ensuring that injunctive relief was carried out").

In any event, Plaintiff has not shown a likelihood he will succeed on the merits of his claim, that the balance of equities tip in his favor, that the public's interest is served by granting him relief, or that he faces real and immediate threat of irreparable injury. See Lyons, 461 U.S. at 101–102 (holding that plaintiff must show "real and immediate" threat of injury, and "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing,

present, adverse effects.").

## V.   Conclusion

It is HEREBY RECOMMENDED that Defendants' motions to strike (ECF Nos. 31, 40) be DENIED. Additionally, the Court RECOMMENDS that Plaintiff's motions for injunctive relief (ECF Nos. 18, 34) also be DENIED.

The findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days of being served with the findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   July 20, 2017               /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE