UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD S. KINDRED,<br><br>Plaintiff,<br><br>v.<br><br>CLIFF ALLENBY, et al.,<br><br>Defendants. | CASE NO. 1:14-cv-01652-AWI-MJS (PC)<br><br>**ORDER FOLLOWING *IN CAMERA* REVIEW** |

Plaintiff is a civil detainee proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Bigot and Bell on Plaintiff's First Amendment free exercise claim. The claim arises out of Plaintiff's allegation that Defendants denied him spiritual or sacred items that are used in the daily practice of his religion even though the items do not implicate safety and security concerns.

The matter came on for a telephonic discovery dispute conference on November 22, 2017. (ECF No. 52.) Therein, counsel for defendants agreed to provide the Court with Administrative Directives 402, 806, 838, and 991 for *in camera* review. These items had been withheld from Plaintiff during discovery on institutional security grounds.

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Where otherwise discoverable information would pose a threat to the safety and security of a prison or institution, or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

Here, the Court has reviewed the documents submitted by Defendants and concludes that, with the exception of the material specifically delineated below, they contain nothing of conceivable relevance to Plaintiff's claims in this action and nothing that might lead to the discovery of admissible evidence. The only material of potential,

albeit minimal, relevance is found in Administrative Directive 838, Section VI, Subsections A and B. The Court finds that disclosure of this material to Plaintiff for purposes of this litigation would not reasonably jeopardize institutional safety or security. It should be disclosed to Plaintiff, subject to a protective order. Defendants will be required to provide Plaintiff the information contained in the heading on the first page of the Administrative Directive (Directive number, subject matter, and revised and effective dates), as well as the material appearing in Section VI, Subsections A and B in the 8/13/13, 8/12/14, and 11/7/14 versions of the Directive. The remainder of the Directive may be redacted.

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants must disclose to Plaintiff the portions of Administrative Directive 838 identified herein, subject to a protective order;
2. Defendants may object to such disclosure within ten (10) days of the date of service of this order;
3. Plaintiff is not entitled to discovery of the remaining Administrative Directives under review;
4. Within ten (10) days of the date of service of this order, Defendants shall submit a proposed protective order, preferably upon stipulation of the parties;
5. Defendants shall release the materials to Plaintiff within fourteen (14) days of the Court's issuance of a protective order.

IT IS SO ORDERED.

Dated: December 5, 2017　　　　/s/ *Michael J. Seng*
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE