IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICHARD S. KINDRED,**<br>Plaintiff,<br>v.<br>**CLIFF ALLENBY, ET AL.,**<br>Defendant. | Case No. 1:14-cv-01652-AWI-MJS<br>**PROTECTIVE ORDER** |

**1.** **Introduction**

In accordance with this Court's order dated December 6, 2017, Defendants Bigot and Bell will produce a redacted copy of three versions of Administrative Directive (AD) 838, section VI, subsections A and B, to Plaintiff, pursuant to a protective order. (Electronic Court Filing (ECF) No. 57, Order Re *In-Camera* Review.) The redacted versions of AD 838 provided to Plaintiff are as follows: (1) Effective date August 13, 2013 (Revised January 24, 2014); (2) Effective date August 12, 2014; and (3) Effective date August 12, 2014 (Revised November 7, 2014) (collectively AD 838). The purpose of the below-stated protective order is to preclude any public disclosure of this confidential document, AD 838, section VI(A) and (B), and limit the use of this confidential document to this litigation.

**2. Maintenance of Confidential AD 838, § VI(A) and (B)**

Plaintiff Kindred must maintain his copy of the Confidential AD 838, § VI(A)-(B) at a location and in a secure manner that ensures that access is limited to the plaintiff and persons authorized under this Order. Plaintiff may not store or maintain his copy of the Confidential AD 838, § VI(A)-(B) in electronic format.

**3. Use of Confidential AD 838, § VI(A)-(B)**

Plaintiff Richard Kindred may use the Confidential AD 838, § VI(A)-(B) only in the course of the litigation and any settlement of this action.

**4. Disclosure of "Confidential AD 838, § VI(A)-(B)" Information or Document only to Certain Persons**

Unless otherwise ordered by the Court or permitted in writing by the Defendants' attorney, Plaintiff Kindred may disclose Confidential AD 838, § VI(A)-(B) and/or its contents only to:

(a) any attorney licensed by the State of California who represents Kindred in this action, including the agents and employees of such attorney whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) any expert (defined as a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by Plaintiff Kindred or his counsel to serve as an expert witness or as a consultant in this action) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) during their depositions, witnesses in the action who are not employed by the Department of State Hospitals and to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that discuss, identify or reveal the contents of Confidential AD 838, § VI(A)-(B) must be separately bound by the court

reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(d) the Court, its personnel, and court reporters, in the course of any oral hearing, with any copy of the Confidential AD 838 document to be filed under seal.

Without written permission from the Defendants' counsel or a court order secured after appropriate notice to all interested persons, Plaintiff Kindred may not file the Confidential AD 838 document in the public record of this action, whether separately or as part of any motion, opposition, or other brief.

**5. Marking of Confidential AD 638 Document**

(a) Should the Confidential AD 838 document be produced to any of the persons listed in paragraph 4, the Plaintiff and the Defendants shall write in bold or otherwise affix the legend "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER IN CASE NUMBER 1:14-cv-01652" in a noticeable place on each page of the document.

(b) Should Confidential AD 838 and its contents be addressed, discussed or identified in deposition or in a court hearing, Defendants may identify on the record, before the close of the deposition, hearing, or other proceeding, all information subject to this Protective Order.

**6. Unauthorized Disclosure/Release of Protected Material**

If Plaintiff Kindred learns that, by inadvertence or otherwise, he has disclosed and/or released the Confidential AD 838 document to any person or in any circumstance not authorized under this Stipulated Protective Order, then he must immediately:

(1) notify Defendants' counsel in writing and, if possible, by telephone call, of the unauthorized disclosure and/or release;

(2) use his best efforts to retrieve any and all released copies of the Confidential AD 838;

(3) inform the person or persons to whom the Confidential AD 838 document was disclosed and/or released of all the terms of this Protective Order; and

    (4) request such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**7.   Reservation of Rights and Objections**

    7.1.  <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

    7.2.  <u>Right to Assert Other Objections.</u>  This Protective Order does not constitute a waiver or denial of any Party's right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, this Order does not constitute a waiver or denial of any Party's right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**8.   Duration**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until Defendants' attorney agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

IT IS SO ORDERED.

Dated:   January 16, 2018       /s/ *Michael J. Seng*  
                                                    UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of California on _____ (date) in the case of *Richard S. Kindred v. Cliff Allenby, et al.,* Case No. 1:14-cv-01652-AWI-MJS. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Executed this _____ day of _____, 201___ in _____(City and State where sworn and signed.)

Printed Name: _____

Signature: _____