UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD S. KINDRED,<br><br>    Plaintiff,<br><br>v.<br><br>KENNETH BELL, et al.,<br><br>    Defendants. | CASE NO. 1:14-cv-01652-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR REPORTER'S TRANSCRIPT AT GOVERNMENT EXPENSE**<br><br>(ECF No. 58) |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's First Amendment claims against Defendants Bigot and Bell. (ECF Nos. 16, 19.) Plaintiff filed two motions for injunctive relief requesting that the Court enjoin non-parties from confiscating Plaintiff's Native American religious items and preventing the delivery of religious packages. (ECF Nos. 18, 34.) Plaintiff's motions were denied (ECF Nos. 41, 44), and Plaintiff submitted a motion construed as a notice of appeal to the Ninth Circuit regarding that denial. (ECF No. 53.) This appeal is currently pending.

Before the Court is Plaintiff's December 26, 2017, motion requesting, at government expense, the transcripts that "cover petitioners' [sic] temporary restraining order and preliminary injunction". (ECF No. 58.) Defendants filed a response that no

1 | transcripts will be ordered in connection with the appeal as no oral argument was presented. (ECF No. 60.)

A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. See 28 U.S.C. § 753(f); McKinney v. Anderson, 924 F.2d 1500, 1511-12 (9th Cir. 1991), *overruled on other grounds by* Helling v. McKinney, 502 U.S. 903 (1991). Two statutes must be considered whenever the District Court receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. § 1915(c) provides for the limited circumstances under which the Court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis. Second, 28 U.S.C. § 753(f) allows the Court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f); Henderson v. United States, 734 F.2d 483, 484 (9th Cir. 1984).

Here, there was no hearing regarding Plaintiff's injunction requests, and thus no transcript exists. (See ECF No. 60.) In addition, Plaintiff is notified that the Court of Appeals has access to the District Court's file in this case, and will request directly from this Court any necessary documents from the record. If Plaintiff desires copies of documents contained in the record he may request them from the District Court Clerk at $0.50 per page.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's Motion for Reporter's Transcript at Government Expense (ECF No. 58) is DENIED.

IT IS SO ORDERED.

Dated: January 17, 2018  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE