| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| RICHARD S. KINDRED,<br><br>    Plaintiff,<br><br>v.<br><br>CLIFF ALLENBY, et al.,<br><br>    Defendants. | Case No. 1:14-cv-01652-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY MOTION FOR COURT ORDER**<br><br>**(ECF NO. 63)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Bigot and Bell on Plaintiff's First Amendment free exercise claim.

Before the Court is Plaintiff's January 5, 2018 motion for a court order directing the California Department of State Hospitals to adhere to its own directives.

The Court does not have jurisdiction to order injunctive relief which would require directing parties not before the Court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Accordingly, the Court has no power to issue an order directed at the Department of State Hospitals or Coalinga State Hospital.

1 | Additionally, it is generally only appropriate to grant a preliminary injunction for "intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945); see Johnson v. Couturier, 572 F.3d 1067, 1084 (9th Cir. 2009) (concluding that preliminary injunction at issue did not deal with a wholly unrelated matter). A court should not issue an injunction when the relief sought is not of the same character, and the injunction deals with a matter lying wholly outside the issues in the underlying action. De Beers, 325 U.S. at 220. Here, Plaintiff seeks injunctive relief regarding state regulations and directives that pertain to copying, postage, and legal mail. The underlying claims in this action relate to Plaintiff's exercise of his religious beliefs. Plaintiff's request is outside the scope of this action.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for court order be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  March 30, 2018              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE