# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD S. KINDRED,<br><br>Plaintiff,<br><br>v.<br><br>CLIFF ALLENBY, et al.,<br><br>Defendants. | Case No. 1:14-cv-01652-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY MOTION FOR PERMISSION TO FILE ADDENDUM TO COMPLAINT**<br><br>**(ECF NO. 73)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Bigot and Bell on Plaintiff's First Amendment free exercise claim.

Before the Court is Plaintiff's February 9, 2018 motion requesting permission to file an addendum to the second amended complaint. (ECF No. 73.) Defendants filed no response and the time for doing so has passed. The matter is submitted.

I.  **Modification of Scheduling Order**

The instant motion was filed after the deadline to amend pleadings. (See ECF No. 32.)

Districts courts must enter scheduling orders that "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir.1992). As such, a scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Id. (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Johnson, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999). The party requesting modification of a scheduling order may be required to show:

2

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

Id. at 608 (internal citations omitted).

Here, Plaintiff provides no explanation for his untimely attempt to modify or supplement his pleading. The conduct complained of appears to have begun primarily in 2016 and may be ongoing. Plaintiff has not exhibited the requisite level of diligence that would permit him a modification of the scheduling order.

## II. Leave to Amend or Supplement

A party seeking leave to amend pleadings must demonstrate that amendment is proper under Federal Rule of Civil Procedure 15. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 15(a)(2), the court should freely give leave to amend a pleading "when justice so requires." The Court should apply this policy "with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F. 2d 1074, 1079 (9th Cir. 1990)). "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Forman v. Davis, 371 U.S. 178, 182 (1962).

However, a district court may deny leave to amend where there is "'any apparent or declared reason' for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment." Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991) (quoting Forman, 371 U.S. at 182). These factors are not to be given equal weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party must be given the greatest weight. Id.

"Absent prejudice, or a strong showing of any of the remaining Forman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

Generally, an amended pleading must be complete in itself, without reference to any prior pleading. Local Rule 220. This is because an amended complaint supersedes the prior complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). However, Rule 15(d) permits a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

Here, Plaintiff appears to intend to file a supplemental pleading, given his intent to file an "addendum" to the complaint. (ECF No. 73.) The proposed addendum states generally that Defendant Bell continues to deny him herbs vital to his religious practice, that come from an approved vendor, and that are not considered contraband. Attached to the proposed addendum are over seventy pages of exhibits describing denials of beginning in 2016 and possibly ongoing. Most of these exhibits relate to conduct by individuals other than Defendant Bell.

In light of Plaintiff's vague allegations against Bell and the voluminous exhibits, the Court is uncertain of the claims Plaintiff intends to pursue through his addendum and against whom. Additionally, because most of the exhibits describe conduct occurring in 2016, it is unclear whether supplementation is appropriate, given that the operative pleading in this action also was filed in 2016. Again, the purpose of a supplemental pleading is to describe "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added). While the conduct Plaintiff complains of may be the appropriate subject of supplementation, the allegations of the proposed addendum are too conclusory to state a claim and the exhibits do not speak for themselves. The Court cannot determine from this submission who is being sued and for what relief. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

While Plaintiff may be able to state a claim regarding the conduct he describes, the proposed addendum is inadequate. Leave to amend based on the present pleading would be futile and should be denied.

### III. Conclusion and Order

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for permission to file an addendum to the second amended complaint be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: March 30, 2018          /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE

5