UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD S. KINDRED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLIFF ALLENBY, et al.,<br><br>　　　　　Defendants. | Case No. 1:14-cv-01652-AWI-MJS (PC)<br><br>**ORDER DENYING MOTION FOR WAIVER OF FEES FOR LEGAL COPIES AND COST OF POSTAGE**<br><br>**(ECF NO. 62)** |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Bigot and Bell on Plaintiff's First Amendment free exercise claim.

Before the Court is Plaintiff's January 5, 2018 "Motion for Waiver of Fees for Legal Copies and Cost of Postage to Serve Defendants' Counsel." (ECF No. 62.) He complains that his institution requires him to pay for copying of documents and postage incurred to effectuate service of documents on defense counsel. He attaches documents relating to difficulties he has had with the institutional mail system over the past two years.

As an initial matter, Plaintiff is reminded that he need not copy documents and serve them on defense counsel if they are filed with the Court. As Plaintiff has been

advised (ECF No. 3), once an attorney for a defendant appears in the action, that attorney's office will receive notice of all filings through the Court's electronic filing system (ECM/ECF). Plaintiff need not serve documents on counsel for Defendants; the date of the electronic Notice from ECM/ECF is the date of service. Thus, Plaintiff is only required to serve documents on defense counsel if those documents <u>will not</u> be filed with the Court, i.e., discovery documents.

Second, Plaintiff's claims appear to rely primarily on institutional regulations or policies. The Court has no power in this action to enforce those policies. This is not a case regarding denial of Plaintiff's access to courts or interference with incoming or outgoing legal mail. If Plaintiff believes the institution's charges for copying and postage have interfered with his First Amendment rights, he may bring those allegations in a separate action.

Finally, although Plaintiff has been granted in forma pauperis status in this action, that status does not vest the Court authority to require his institution to waive any costs and fees, nor does the Court have authority to pay those fees on Plaintiff's behalf. "[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress. . . ." <u>Tedder v. Odel</u>, 890 F.2d 210, 211-12 (9th Cir. 1989) (quoting <u>United States v. MacCollom</u>, 426 U.S. 317, 321 (1976)). The in forma pauperis statute does not authorize the expenditure of public funds for copying and postage. See 28 U.S.C. § 1915.

IT IS SO ORDERED.

Dated:   March 30, 2018              /s/ *Michael J. Seng*
                                                                          UNITED STATES MAGISTRATE JUDGE