UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT KINDRED, | Case No. 1:14-cv-01652-AWI-JDP |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| v. | ECF No. 93 |
| MARISA BIGOT, *et al.*, | |
| Defendants. | |

## I. BACKGROUND

Plaintiff is a civil detainee proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. The case now proceeds on plaintiff's Second Amended Complaint, which was filed on August 24, 2016. ECF No. 15. In screening plaintiff's Second Amended Complaint, the court found that plaintiff stated cognizable First Amendment free exercise claims against defendants Bigot and Bell. ECF No. 15; ECF No. 16. The court dismissed all other claims and defendants. ECF No. 19.

On June 1, 2018, plaintiff filed a motion to compel defendants' discovery responses. ECF No. 93. Defendants filed an opposition to the motion on June 22, 2018, ECF No. 96, and plaintiff

1

filed a reply on July 23, 2018, ECF No. 102. The court heard oral argument on the motion on October 4, 2018. ECF No. 110. Plaintiff's motion to compel is now before the court. ECF No. 93.

## II.   APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 26 governs the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Under Federal Rule of Civil Procedure 34, any party may serve on any other party a request to produce discovery within the scope of Federal Rule of Civil Procedure 26(b) and thus gain access to documents that are in the possession, custody, or control of the party upon whom the request is served. Fed. R. Civ. P. 34(a)(1)(A). "Control is defined as the legal right to obtain documents upon demand." *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) (quoting *United States v. International Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989)). Under Federal Rule of Civil Procedure 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested—or state an objection and the basis therefor. Fed. R. Civ. P. 34(b)(2).

Under Federal Rule of Civil Procedure 37, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. *See Grabek v. Dickinson*, No. CIV S–10–2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012). Courts in the Eastern District of California have required that a moving-party plaintiff carry "the burden of informing the court which discovery requests are the subject of his motion to compel, which of

the defendant's responses are disputed, why he believes the defendant's responses are deficient, why the defendant's objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action." *Walker v. Karelas*, No. CIV S–07–2545 MCE DAD P, 2009 WL 3075575, at *1 (E.D. Cal. Sep. 21, 2009); *see Brooks v. Alameida*, No. CIV S–03–2343 JAM EFB P, 2009 WL 331358 at *2 (E.D. Cal. Feb.10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."). In responding to a party's motion to compel, "[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Kaur v. City of Lodi*, No. 2:14-CV-0828 GEB AC, 2015 WL 1240842, at *2 (E.D. Cal. Mar. 16, 2015).

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)). The court may order a party to provide responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).

## III. PLAINTIFF'S MOTION TO COMPEL

Plaintiff asks the court to require defendants to answer adequately his fifth discovery request:[1]

> Any and all Interdisciplinary Notes that were written against plaintiff from January 1st, 2014 to December 31st. 2014, furthermore plaintiff requests that a list b[e] comp[il]ed with all the signatures and their employee identification numbers(s) that will print their names and list the date, time and focus of the Interdisciplinary Notes that they wrote.

ECF No. 93, at 1-2, 13. Plaintiff contends that defendants have "failed to provide the requested

---

[1] At the October 4, 2018 hearing, plaintiff did not pursue his requests concerning administrative directives, acknowledging that his requests were made after the close of discovery. The court denies these requests as untimely. Excepting certain discovery authorized by this court, the general discovery deadline was December 6, 2017, ECF No. 32, yet plaintiff requested the disputed administrative directives in March 2018, ECF No. Doc. No. 93, at 3; ECF No. 96, at 6.

3

documents and legible names of the writers who entered the [interdisciplinary] notes." *Id.* at 2. Plaintiff argues that in the discovery dispute conference of November 21, 2017, ECF No. 52, Judge Seng found "good cause" for defendants to answer this request, ECF No. 93, at 2. Plaintiff alleges that defendants have nonetheless failed to provide the documents. *Id.* at 4-5.

The court summarizes the following facts and arguments from defendants' opposition. ECF No. 96. Defendants contend that plaintiff's motion to compel "is not supported by the facts or law." *Id.* at 1. When defendants initially received plaintiff's fifth discovery request, they objected on two grounds: plaintiff had access to his own interdisciplinary notes under Department of State Hospitals ("DSH") Administrative Directive No. 581, and he improperly sought preparation of a list. *Id.* at 2-3. On September 29, 2017, plaintiff filed a motion to compel on this issue, ECF No. 45, and Judge Seng held an informal discovery conference with the parties on November 21, 2017, ECF No. 52. During the discovery conference, plaintiff sought a document reflecting the printed names of the individuals who had signed his interdisciplinary treatment notes. ECF No. 96-1, at 2-3, Jackson Decl., ¶ 13. Judge Seng ordered plaintiff to review the treatment notes and identify the signatures for which he sought additional information; Judge Seng then ordered defendants to respond. ECF No. 52. The court thereafter denied plaintiff's motion to compel without prejudice. ECF No. 96-1, at 2-3, Jackson Decl., ¶ 14. Defendants allege that after several months, plaintiff provided a list of dates of interdisciplinary treatment notes for which he sought the printed names of the signatories. ECF No. 96-1, at 3, Jackson Decl., ¶ 15. On April 16, 2018, defendants provided a log of signatures from 2007 to 2018. ECF No. 96-1, at 3, Jackson Decl., ¶ 18, Exhibit C. However, defendants were unable to locate a document that reflected all the dates plaintiff had requested. ECF No. 96-1, at 3, Jackson Decl., ¶ 21. Because several of the dates cited in the request were not reflected on the log, defendants prepared a chart of each signatory's printed name and title for the dates requested. ECF No. 96-1, at 3, Jackson Decl., ¶ 22. Defendants produced that document to plaintiff on May 3, 2018. ECF No. 96-1, at 3, Jackson Decl., ¶ 23, Exhibit D. Plaintiff filed a further motion to compel on June 1, 2018. ECF No. 93. Defendants argue that they complied with Judge Seng's order, that the objections they raised to plaintiff's discovery demands are legitimate, and that plaintiff's motion

| | |
|---|---|
| 1 | to compel should be denied. |
| 2 | In his reply to defendants' opposition, plaintiff states that he "requested approximately |
| 3 | thirty-six (36) names and legible [interdisciplinary notes], but has only receive[d] six (6) from |
| 4 | defense counsel." ECF No. 102, at 5. To demonstrate that the defendants' response to his fifth |
| 5 | discovery request was inadequate, plaintiff attaches to his reply "copies of the [interdisciplinary |
| 6 | notes] as they appear in his chart."[2] ECF No. 102, at 5. Plaintiff argues that the interdisciplinary |
| 7 | notes are "[il]legible [and] also do not have the printed names of the writers that is and was |
| 8 | required at the time they were written." ECF No. 102, at 5. Plaintiff maintains that the |
| 9 | documents he seeks—legible interdisciplinary notes with legible signatures—exist. ECF No. |
| 10 | 102, at 7. Plaintiff does not address defendants' arguments that he has access to his own |
| 11 | interdisciplinary notes. |

**IV. ANALYSIS**

The court will deny plaintiff's motion to compel. Plaintiff has not met his burden of demonstrating "why the defendant's objections are not justified." *Walker*, 2009 WL 3075575, at *1. Defendants objected on two grounds to plaintiff's request that they produce legible interdisciplinary notes with legible signatures: (1) plaintiff had access to the interdisciplinary notes upon written request, and (2) he improperly sought preparation of a list. ECF No. 96, at 2-3. Both objections are valid. First, plaintiff has a right to his interdisciplinary notes under DSH Administrative Directive No. 581, Jackson Decl., ¶ 9 Exhibit B, DSH Administrative Directive No. 581 (providing that patients are permitted to inspect and obtain copies of information in their own medical record upon written request). He therefore "controls" the notes for discovery purposes, and defendants should not be compelled to produce what plaintiff already controls. *See In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) ("Control is defined as the legal right to obtain documents upon demand."). Second, requests for production cannot compel defendants to create documents that do not exist. *See* Fed. R. Civ. P. 34; *Price v. Cunningham*, No. 1:08-CV-00425-AWI, 2012 WL 5308337, at *4 (E.D. Cal. Oct. 29, 2012) ("Federal Rule of Civil

---

[2] The court understands that plaintiff obtained the attached document from defendant.

Procedure 34 requires a party to produce documents that already exist and a party does not have to create a document in response to a request for production."); *Alexander v. F.B.I.*, 194 F.R.D. 305, 310 (D.D.C. 2000) (holding that a party is not required to create a new document in response to a document request). Defendants diligently searched for legible interdisciplinary notes with legible signatures, but what plaintiff seeks to compel does not seem to exist. Though plaintiff wishes that his interdisciplinary notes from 2014 were legible, it is not incumbent upon defendants to transcribe the notes to make them legible or to produce documents that do not exist.

**V.    ORDER**

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that plaintiff's motion to compel, ECF No. 93, is denied.

IT IS SO ORDERED.

Dated:    October 23, 2018                              _____
                                                         UNITED STATES MAGISTRATE JUDGE